UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| LIZABETH PHOENIX, | ) | |
| Plaintiff, | ) | Civil Case No.:_____ |
| | ) | Hon. _____ |
| v. | ) | |
| | ) | |
| SUNFROG, LLC | ) | |
| | ) | **COMPLAINT FOR COPYRIGHT** |
| Defendant | ) | **INFRINGEMENT** |
| | ) | |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
(INJUNCTIVE RELIEF DEMANDED)
There is no other civil action between these parties
Arising out of the same transaction or occurrence as
Alleged in this complaint pending in this court, nor has
Any such action been previously filed and dismissed or
Transferred after having been assigned to a judge.

Plaintiff LIZABETH PHOENIX by and through her undersigned counsel, brings this Complaint against Defendant SUNFROG LLC for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff LIZABETH PHOENIX ("PHOENIX"), brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Phoenix's original copyrighted works of authorship.

2. Phoenix is a prolific and highly accomplished graphic artist. Phoenix's original illustrations and artwork span genres including fantasy, decorative, and pop art. More recently, Phoenix has achieved success with her illustrations that capitalize on the interest in "kawaii," a Japanese influenced trend that emphasizes the quality of cuteness in the context of Japanese

culture. Kawaii has emerged as a prominent aspect of Japanese popular culture, entertainment, clothing, food, toys, personal appearance, behavior, and mannerisms. The "Hello Kitty" and "Pokemon" characters are examples of popular kawaii images that earn hundreds of millions of dollars annually in licensing fees for their owners.

3. Defendant SUNFROG LLC ("SunFrog") is a company that sells novelty and custom novelty T-Shirts, and owns and operates a website at the URL www.sunfrog.com.

4. Phoenix alleges that SunFrog copied Phoenix's copyrighted Work from the internet in order to advertise, market and promote its business activities. SunFrog committed the violations alleged in connection with SunFrog's business for purposes of advertising and promoting sales to the public in the course and scope of the SunFrog's business.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. Defendant is subject to personal jurisdiction in Michigan.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

## DEFENDANT

9. SUNFROG LLC is a Michigan limited liability company, with its principal place of business at 1782 O'Rourke Blvd, Gaylord, Michigan, 49735, and can be served by serving its Registered Agent, Kirk Vodzevicis, at the same address.

**THE COPYRIGHTED WORK AT ISSUE**

10. In 2013, Phoenix created an illustration entitled "SPRINKLE POO," which is shown below and referred to herein as the "Work".



Sprinkle Poo, 2013
digital image, original size 5600 x 4800 pixels

11. At the time Phoenix created the Work, Phoenix applied copyright management information to the Work consisting of the words "Sprinkle Poo, 2013" on the bottom left of the Work.

12. Phoenix registered the Work with the Register of Copyrights on December 14, 2015 and was assigned the registration number VA 2-007-632. The Certificate of Registration is attached hereto as Exhibit 1.

13.     At all relevant times Phoenix was the owner of the copyrighted Work at issue in this case.

**INFRINGEMENT BY DEFENDANT**

14.     SunFrog has never been licensed to use the Work at issue in this action for any purpose.

15.     On a date after the Work at issue in this action was created, but prior to the filing of this action, SunFrog copied the Work.

16.     SunFrog copied Phoenix's copyrighted Work without Phoenix's permission.

17.     After SunFrog copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its online T-Shirt sales business.

18.     SunFrog copied and distributed Phoenix's copyrighted Work in connection with SunFrog's business for purposes of advertising and promoting SunFrog's business, and in the course and scope of advertising and selling products and services.

19.     Phoenix's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

20.     SunFrog committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 2.

21.     Phoenix never gave SunFrog permission or authority to copy, distribute or display the Work at issue in this case.

22.     Phoenix notified the SunFrog of the allegations set forth herein on July 6, 2017. To date, the parties have failed to resolve this matter.  A copy of the Notice to SunFrog is attached hereto as Exhibit 3.

23. When SunFrog copied and displayed the Work at issue in this case, SunFrog removed Phoenix's copyright management information from the Work.

24. Phoenix never gave SunFrog permission or authority to remove copyright management information from the Work at issue in this case.

## COUNT I
## COPYRIGHT INFRINGEMENT

25. Plaintiff incorporates the allegations of paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. Phoenix owns a valid copyright in the Work at issue in this case.

27. Phoenix registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

28. SunFrog copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Phoenix's authorization in violation of 17 U.S.C. § 501.

29. SunFrog performed the acts alleged in the course and scope of its business activities.

30. Phoenix has been damaged.

31. The harm caused to Phoenix has been irreparable.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

32. Plaintiff incorporates the allegations of paragraphs 1 through 24 of this Complaint as if fully set forth herein.

33. The Work at issue in this case contains copyright management information ("CMI").

34. SunFrog knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Work at issue in this action in violation of 17 U.S.C. § 1202(b).

35. SunFrog committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Phoenix's rights in the Work at issue in this action protected under the Copyright Act.

36. SunFrog caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Phoenix's rights in the Work at issue in this action protected under the Copyright Act.

37. Phoenix has been damaged.

38. The harm caused to Phoenix has been irreparable.

WHEREFORE, the Plaintiff prays for judgment against the Defendant SUNFROG LLC that:

a. Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

b. Defendant be required to pay Plaintiff her actual damages and Defendant's profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203.

c. Plaintiff be awarded her attorneys' fees and costs of suit under the applicable statutes sued upon; and

d. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: February 22, 2019          Respectfully submitted,

                                             */s/  Joseph F. Yamin*
                                             JOSEPH F. YAMIN
                                             Bar Number:  P33905
                                             jyamin@lambertleser.com
                                             755 W. Big Beaver Rd., Suite 410
                                             Troy, MI 48084
                                             248.251.1001 – Telephone
                                             248.244.2244 – Facsimile
                                             *Attorneys for Plaintiff Lizabeth Phoenix*