# Exhibit 3

# SCHNEIDER ROTHMAN
## Intellectual Property Law Group, PLLC

4651 North Federal Highway, Boca Raton, FL 33431
P: (561) 404-4350 | F: (561) 404-4353 www.sriplaw.com

**JOEL B. ROTHMAN**
Board Certified in Intellectual Property Law
Direct: (561) 404-4335 | joel.rothman@sriplaw.com

Admitted to Practice
Florida, New York, Georgia
and the Federal Courts of
New York
Florida
Colorado
Texas
Arkansas
Michigan
W.D. Tennessee
Washington DC

July 6, 2017

**VIA CERTIFIED MAIL, RETURN RECEIPT**
**REQUESTED and EMAIL: press@sunfrog.com**
Mr. Josh Kent
SunFrog.com
1782 O'Rourke Blvd
Gaylord, MI 49735

Re:  Lizabeth Phoenix v. SunFrog.com
     Our File No.: 00255-0004

Dear Mr. Kent,

We write on behalf of our client Lizabeth Phoenix, a graphic designer, for purposes of resolving a case of copyright infringement against you by our client. This demand is privileged from disclosure pursuant to FRE Rule 408.

Please provide this letter to your general liability insurance carriers or other providers of insurance that may cover this claim.

*Lizabeth Phoenix ("Phoenix")*
Phoenix is a prolific and highly accomplished graphic artist. Phoenix's original illustrations and artwork spans genres including fantasy, decorative, and pop art. More recently, Phoenix has achieved success with her illustrations that capitalize on the interest in "kawaii," a Japanese influenced trend that emphasizes the quality of cuteness in the context of Japanese culture. Kawaii has emerged as a prominent aspect of Japanese popular culture, entertainment, clothing, food, toys, personal appearance, behavior, and mannerisms. The "Hello Kitty" and "Pokemon" characters are examples of popular kawaii images that earn hundreds of millions of dollars annually in licensing fees for their owners.

Phoenix retains all copyrights to her illustrations. Phoenix licenses her copyrighted works, such as the one in this case, for commercial use.

The work at issue is shown below. At the time the Work was created, Phoenix applied copyright management information to the Work as shown.

Mr. Josh Kent
Sunfrog.com
July 6, 2017
Page 2



Phoenix registered the Work with the Register of Copyrights on December 14, 2015, and was assigned the registration number VA0002007632.

*Infringement by Defendant*
The infringement at issue was identified on March 1, 2017. We have enclosed contemporaneous evidence of the infringement by SunFrog.com. In addition to the infringement, Phoenix's illustration was very obviously altered as shown on the attached.

You have employed our client's image in at least the manner indicated in the evidence attached. Your unauthorized use commenced on at least the date indicated above. You are fully aware that the work you used is our client's work. No one from your company ever sought a license from our client to use the image for any purpose.

You have copied, displayed and distributed our client's image without permission, license or consent. The use of a creator's image without written consent or license violates the United States Code, Title 17, and The Copyright Act. The Copyright Act provides for entry of an injunction directing removal of the offending materials pending

Mr. Josh Kent
SunFrog.com
July 6, 2017
Page 3

litigation. This letter shall serve as formal notice that you immediately cease and desist all unauthorized uses of our client's image. Any such further uses shall be at your peril.

If you possess a contract, license, agreement or writing on which you will rely for authorization of your use of our client's image, please provide us with this evidence so we may avoid further controversy or litigation. Otherwise, we will be forced to assume that your use violated the law.

*Damages*
Copyright law provides several different elements of compensation to Phoenix when a work is infringed or altered. Section 504 permits Phoenix to recover actual damages plus "any additional profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages," or statutory damages of up to $150,000 per work infringed. Phoenix can present both damages theories to the jury and select the higher award any time prior to entry of judgment.

Academic studies have demonstrated that the use of good quality illustrations more effectively market and advertise products and drive sales. Phoenix's illustrations are of the highest quality. Phoenix's illustrations are also scarce since she is one of the only sources of such quality illustrations.

Phoenix's damages are not limited to what Phoenix would have agreed to license the work for prior to the infringement. Rather, Phoenix's actual damages will be measured by the fair market value of the illustration considering SunFrog.com's use to sell and promote its business. Phoenix's actual damages must be measured in light of SunFrog.com's use of Phoenix's high quality and unique illustrations.

This is consistent with federal courts' approach to broadly construing the term "actual damages" to favor victims of infringement. See, e.g., *Davis v. Gap, Inc.*, 246 F.3d 152, 164 (2d Cir. 2001). The fair market value approach for calculating damages is an accepted approach to valuing the defendants' uses of illustrations. See *Leonard v. Stemtech Int'l, Inc.*, Nos. 15-3198, 15-3247, 2016 U.S. App. LEXIS 15565 (3d Cir. Aug. 24, 2016). In addition, Phoenix can offer evidence of the actual cost to take the illustrations infringed on a time and materials basis.

Section 504 of the Copyright Act permits Phoenix to recover actual damages plus "any additional profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." Therefore, Phoenix will also be entitled to SunFrog.com's profits from the infringement, based upon the revenue SunFrog.com earned in connection with the use of Phoenix's illustration.

Mr. Josh Kent
Sunfrog.com
July 6, 2017
Page 4

Alternatively, Phoenix could seek statutory damages for infringement in an amount of up to $30,000.00 per work infringed. There is also the possibility that a judge or jury could determine that SunFrog.com's infringement was willful. If SunFrog.com's infringement was shown to be willful, the statutory damage award would increase to an amount up to $150,000 per work infringed.

There is also the issue of the removal of Phoenix's copyright management information. 17 USC 1203(c)(3)(B) permits Phoenix to recover statutory damages of not less than $2,500 or more than $25,000 per violation of the prohibition against alteration or removal of copyright management information contained in Section 1202. Based upon SunFrog.com's removal of Phoenix's CMI, Phoenix will seek the maximum statutory damages of $25,000 per illustration against SunFrog.com for this violation.

*Demand*
In order to determine how to proceed, please provide us with information and documents showing:

1. the full nature and extent of the use of our client's image, in any and all formats;
2. representative copies in any and all tangible form and media in which our client's image were incorporated or employed; and
3. the source of the image;

Upon receipt of this information we will consider and determine an appropriate amount of compensation required to be paid to our client in compensation.

Please carefully consider this letter and the associated exhibits and provide them to your attorneys and insurance carriers. If we do not receive a response from you or a representative by May 1, 2017, we will take further steps to protect our client's rights. We look forward to your prompt response.

Sincerely,

Schneider Rothman Intellectual Property Law Group, PLLC

Joel B. Rothman
Board Certified in Intellectual Property Law

JBR/jcj
Enclosure

